OPINION *Page 2 
{¶ 1} On March 10 and 11, 2005, a confidential informant for the City of Newark Police Department and the Central Ohio Drug Enforcement Task Force, Joe Messina, went to the residence of appellant, Ricky Labora, and purchased cocaine from appellant. Mr. Messina paid $40.00 each time.
 {¶ 2} On March 18, 2005, the Licking County Grand Jury indicted appellant on two counts of trafficking in cocaine within the vicinity of a school in violation of R.C. 2925.03 and one count of permitting drug abuse in violation of R.C. 2925.13. The indictment also carried a forfeiture specification under former R.C. 2925.42.
 {¶ 3} On June 3, 2005, appellant's attorney requested a continuance of the June 8, 2005 trial date. By judgment entry filed June 7, 2005, the trial court granted the motion and scheduled the trial for August 1, 2005.
 {¶ 4} On July 7, 2005, appellant filed a pro se motion to dismiss, claiming violations of his speedy trial rights. By judgment entry filed July 25, 2005, the trial court denied said motion.
 {¶ 5} A jury trial commenced on August 1, 2005. The jury found appellant guilty as charged, and found his property was subject to forfeiture. By judgment entry filed August 2, 2005, the trial court sentenced appellant to an aggregate term of twenty months in prison, and forfeited his property. A nunc pro tunc entry was filed on November 29, 2005 to include the legal description of the forfeited property. A final nunc pro tunc judgment entry incorporating the legal description and appellant's sentence was filed on June 19, 2007. *Page 3 
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "THE DEFENDANT/APPELLANT DID NOT RECEIVE THE EFFECTIVE ASSISTANCE OF COUNSEL DURING TRIAL, AND WAS THEREBY DEPRIVED OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION."
 II {¶ 8} "THE TRIAL COURT ERRED AND THEREBY DEPRIVED DEFENDANT/APPELLANT OF HIS RIGHT TO A SPEEDY TRIAL, AS GUARANTEED BY ORC § 2945.71, BY OVERRULING DEFENDANT/APPELLANT'S MOTION TO DISMISS FILED JULY 7, 2007."
 III {¶ 9} "THE TRIAL COURT ERRED AND THEREBY DEPRIVED DEFENDANT/APPELLANT OF DUE PROCESS AND EQUAL PROTECTION OF LAW AS GUARANTEED BY THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY PERMITTING DEFENDANT/APPELLANT'S TRIAL TO GO FORWARD WHILE DEFENDANT WAS WEARING JAIL CLOTHING."
 IV {¶ 10} "THE TRIAL COURT ERRED AND THEREFORE VIOLATED THE PROHIBITION AGAINST EXCESSIVE FINES AS PROHIBITED BY THE *Page 4 EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY ORDERING THE FORFEITURE OF DEFENDANT/APPELLANT'S REAL ESTATE TO THE STATE OF OHIO."
 V {¶ 11} "THE TRIAL COURT ERRED AND THEREBY DEPRIVED DEFENDANT/APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION, BY ORDERING FORFEITURE OF DEFENDANT/APPELLANT'S REAL ESTATE TO THE STATE OF OHIO WHEN PRIOR NOTICE WAS NEVER GIVEN TO DEFENDANT/APPELLANT THAT INCLUDED A SUFFICIENT DESCRIPTION OF PROPERTY SUBJECT TO FORFEITURE."
 VI {¶ 12} "THE TRIAL COURT ERRED AND THEREBY DEPRIVED DEFENDANT/APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION, AND THEREBY VIOLATED ORC § 2945.42(B)(4), BY INFORMING THE JURY OF PROPERTY SUBJECT TO FORFEITURE PRIOR TO DEFENDANT/APPELLANT'S CONVICTION OF THE DRUG ABUSE OFFENSE."
 I {¶ 13} Appellant claims he was denied the effective assistance of trial counsel. We disagree. *Page 5 
 {¶ 14} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 15} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 16} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 17} Appellant argues his trial counsel failed to investigate and prepare for trial, failed to file a pretrial motion requesting recusal of the trial judge as the trial judge had represented appellant at one time, failed to object to appellant being tried in "jail garb," failed to examine witnesses regarding the police's failure to recover the $40.00 marked money given to appellant during the drug buys, failed to object to the prosecutor's closing argument, failed to demand strict compliance regarding the forfeiture statute, failed to object to the jury's knowledge of the property subject to forfeiture prior to its rendering of a verdict, failed to challenge what specific property was subject to forfeiture, and failed to argue that forfeiture violated theEighth Amendment prohibition against excessive fines. *Page 6 
 {¶ 18} First, appellant argues his trial counsel was not prepared because he only expensed two hours on his appointed counsel fees application. We note from the docket that discovery was undertaken. From our review of the cross-examination of the confidential informant and the Central Ohio Drug Enforcement Task Force Narcotics Officer, City of Newark Detective Doug Bline, we do not find any evidence of ill-preparedness by defense counsel.
 {¶ 19} Next, appellant argues his trial counsel should have filed a pretrial motion requesting recusal of the trial judge as the trial judge had represented appellant at one time. The record does not demonstrate any need for such a request.
 {¶ 20} Next, appellant argues his trial counsel failed to object to his being tried in "jail garb." The only reference in the record to appellant's clothing is in defense counsel's opening statement:
 {¶ 21} "First of all, ladies and gentlemen, let me try to humanize Ricky Labora a little bit as he sits there in his jail garb and tattoos, obviously having been transported from the jail where he's been held pending this trial. He was arrested at his own home, his home that he's owned since — 30 some years. He's held the same job at JB Concrete for 30 some years. He was married for 25 years. He lost his wife in February of this year shortly before his troubles with the law began." T. at 44.
 {¶ 22} The "jail garb" statement, as well as the additional ones about appellant's job and losing his wife, was definitely used to gain sympathy from the jury. This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." State v. Post (1987), 32 Ohio *Page 7 
St.3d 380, 388. We fail to find this issue prejudiced the outcome of the trial. Appellant never took the stand and therefore his credibility was never an issue.
 {¶ 23} Next, appellant argues his trial counsel did not adequately pursue the issue of the marked money. There were two controlled buys, one on March 10, 2005 and the second on March 11, 2005. A search warrant was executed about an hour after the second buy. T. at 82-84. Detective Bline testified numerous people were inside the residence selling drugs at the same time. T. at 100. Highlighting the marked money issue could have raised arguments from the prosecutor that perhaps appellant used the money to purchase drugs from others. Again, we find this issue to fall under trial strategy.
 {¶ 24} Next, appellant argues his trial counsel should have objected to the following statements made by the prosecutor during closing argument regarding the charge of permitting drug abuse:
 {¶ 25} "Joe Messina bought crack cocaine from the defendant on two occasions. He also testified that he was using his property on March 10th, he was using it as a crack house, because not only did Mr. Labora sell crack cocaine on that day, but he was allowing another dealer to supply that crack cocaine. In addition, look at the tail end of that purchase, or both purchases. He was allowing the house hits. A house hit of crack cocaine, that would be felony drug possession. You see, Mr. Messina gave back a little bit of the crack to the house, the house located at 120 Western Avenue Rear." T. at 171.
 {¶ 26} Detective Bline testified the police department received numerous complaints over a six month period about drug trafficking at the residence. T. at 101-102. *Page 8 
Four individuals were at the residence at the time of the execution of the search warrant. T. at 86. Mr. Messina testified he gave appellant a "house hit," a piece of crack as a "[c]ourtesy, giving him a small bump for helping out." T. at 141. The purpose of the "courtesy house bump" was because appellant had facilitated the deal by getting the crack from someone else. T. at 142.
 {¶ 27} Although the prosecutor's statement is technically accurate, it might have been misleading. However, failing to object to it was not so deficient as to prejudice the outcome of the trial.
 {¶ 28} Lastly, appellant argues his trial counsel should have objected to the forfeiture proceedings. Appellant argues his trial counsel failed to object to the jury's knowledge of the property subject to forfeiture prior to its rendering of a verdict, failed to challenge what specific property was subject to forfeiture, and failed to argue that forfeiture violated the Eighth Amendment prohibition against excessive fines.
 {¶ 29} Former R.C. 2925.42 governed criminal forfeiture of property. Subsection (B)(4) stated the following:
 {¶ 30} "In a felony drug abuse offense criminal action or in a delinquent child action, if the trier of fact is a jury, the jury shall not be informed of any specification described in division (B)(1)(a) of this section or of any property described in that division or division (B)(1)(b) of this section prior to the alleged offender being convicted of or pleading guilty to the felony drug abuse offense or prior to the juvenile being found to be a delinquent child for the commission of an act that, if committed by an adult, would be a felony drug abuse offense." *Page 9 
 {¶ 31} Defense counsel stipulated to the Licking County Tax Map (State's Exhibit 12), the Warranty Deed on the subject property (State's Exhibit 13), and appellant's Land Contract Agreement on the property (State's Exhibit 15). T. at 164. This was done outside the presence of the jury. The trial court noted the following:
 {¶ 32} "Those will be admitted into evidence. However, they will not be submitted to the jury because they pertain to the forfeiture specification, and then that doesn't go to the jury unless there is a conviction." T. at 164-165.
 {¶ 33} Following the guilty verdicts, the trial court informed the jury of an additional duty, the duty to determine the forfeiture specification. T. at 205-207. The trial court noted it "was not permitted per statute to advise you that there is also a forfeiture provision that is connected with the felony drug abuse conviction" prior to the rendering of a verdict. T. at 205.
 {¶ 34} Any stipulations as to the property made in front of the jury did not mention anything about forfeiture. T. at 166-168. The trial court followed proper procedure. We do not find any violation of former R.C. 2925.42(B)(4).
 {¶ 35} As for the argument that defense counsel failed to object to the description of the specific property subject to forfeiture, we find the state presented certified documents regarding the property owned by appellant, State's Exhibits 12, 13, and 15, and each identified the address. T. at 167-168. The address matched the address specifically testified to by Detective Bline and Mr. Messina. T. at 56, 72, 124.
 {¶ 36} Lastly, appellant argues his trial counsel should have argued that forfeiture violated the Eighth Amendment prohibition against excessive fines. We have considered the issue of proportionality regarding forfeiture and have determined that *Page 10 
such factors are to be considered. State v. Perrin (February 7, 2000), Licking App. No. 99-CA-0051.
 {¶ 37} In this case, appellant was subject to maximum fines of $12,500.00. The trial court did not impose any fines because of the forfeiture. T. at 213. Because there is no evidence presented in the record, we do not know the value or extent of realization of monies garnered from the forfeiture sale. Therefore, we are unable to determine from the record the issue of excessive fine.
 {¶ 38} Upon review, we do not find any deficiency in trial counsel's performance in the complained of areas.
 {¶ 39} Assignment of Error I is denied.
 II {¶ 40} Appellant claims the trial court erred in failing to dismiss his case for violations of the speedy rights statute, R.C. 2945.71. We disagree.
 {¶ 41} Pursuant to R.C. 2945.71(C)(2), a person against whom a charge of felony is pending shall be brought to trial within two hundred seventy days after the person's arrest. Subsection (E) states, "For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.72 provides for extensions of time for hearing or trial. The time for trial may be extended for "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). *Page 11 
 {¶ 42} Appellant was incarcerated from the time of his arrest, March 21, 2005, until trial, August 1, 2005. Appellant's trial was originally set for June 8, 2005. He concedes his case was timely set pursuant to R.C. 2945.71, but argues his trial counsel's request for a continuance was not authorized by him and therefore should not be used to toll R.C. 2945.71. The motion for continuance filed on June 3, 2005 stated the following:
 {¶ 43} "Petitioner further moves the Court for an Order continuing the hearing which is now set for June 8, 2005, on the basis that the undersigned has recently suffered from a severe illness and has recently been released from the hospital with medications and is experiencing complications. This being the case, counsel has not had contact with the client for some time and has not been able to see all of the states evidence. Therefore counsel respectfully requests a continuance until he is able to adequately prepare and represent the client. The state is aware of counsel's condition and has no objection at this time."
 {¶ 44} By judgment entry filed June 7, 2005, the trial court granted the continuance, stating the following:
 {¶ 45} "The Court has been advised that Defendant's counsel James Placzkiewicz is currently being hospitalized. Therefore, the Jury Trial scheduled for Wednesday, June 8, 2005, at 9:00 A.M., is hereby continued to Monday, August 1, 1005, at 9:00 A.M.
 {¶ 46} "Speedy trial time is tolled due to the continuance being occasioned by the act of the Defendant." *Page 12 
 {¶ 47} We note appellant's trial counsel was a court appointed attorney. We also note in Assignment of Error I, appellant argued his trial counsel was not prepared. Now appellant argues the continuance for counsel "to adequately prepare and represent the client" should not be counted against him.
 {¶ 48} Although the best practice is to have a defendant sign a waiver at the time of a continuance, we cannot say that this delay should be counted against the state. In its determination, the trial court found defense counsel's illness was sufficient enough to overcome the mandates of R.C. 2945.71. A denial would have caused even greater issues if new counsel would have been appointed.
 {¶ 49} Upon review, we find no violations of appellant's speedy trial rights.
 {¶ 50} Assignment of Error II is denied.
 III {¶ 51} Appellant claims the trial court erred in permitting the matter to proceed to trial while he was wearing "jail garb." We have previously reviewed this issue in Assignment of Error I and found it not to be error under the ineffective counsel standards. As a result, it is also not plain error. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. State v.Long (1978), 53 Ohio St.2d 91; Crim. R. 52(B). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Long
at paragraph three of the syllabus.
 {¶ 52} As noted in Assignment of Error I, the issue of jail clothing was used as a sympathy play by defense counsel. Although we do not condone the permitting of jail *Page 13 
clothing at trial, we find it does not rise to the level of plain error. First, it was only mentioned and used by defense counsel as trial strategy and secondly, appellant was identified as being in a blue shirt when identified in open court. Clearly, it was not true "jail garb" as generally envisioned.
 {¶ 53} Assignment of Error III is denied.
 IV, V, VI {¶ 54} These assignments challenge the forfeiture proceedings. As with the "jail garb" issue, we reviewed the forfeiture issues in Assignment of Error I and found they do not meet the ineffective counsel standards therefore, we also find they do not rise to the level of plain error.
 {¶ 55} As to the excessive fine and disproportional issue, there is nothing in the record to establish appellant's equity in the property. Although the trial court could have imposed fines totaling $12,500.00, it chose not to do so in light of the forfeiture. T. at 213. The property was identified as a place of criminal drug activity via numerous complaints to the police, was located in the vicinity of a school, and was the location of the two controlled drug buys.
 {¶ 56} Appellant also argues the property was not properly identified. Throughout the trial, the address was given by the witnesses. The address corresponds with State's Exhibits 12, 13, and 15. We find the property subject to forfeiture was sufficiently identified.
 {¶ 57} Lastly, appellant argues it was improper for the trial court to accept evidence relating to the property subject to forfeiture at the end of the state's case. T. at *Page 14 
164-168. As we stated in Assignment of Error I, we find the procedures used by the trial court did not violate R.C. 2925.42(B).
 {¶ 58} Assignment of Errors IV, V, and VI are denied.
 {¶ 59} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 By Farmer, P.J., Wise, J. and Delaney, J. concur. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. *Page 1